# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **YOLANDA DENNIS** | * | **CIVIL ACTION NO.  15-2410** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **ERNEST COLLINS II, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery responses and Rule 30(b)(6) deposition [doc. # 35], plus an associated request for fees, filed by plaintiff Yolanda Dennis.  The motion is opposed.  For reasons detailed below, the motion is GRANTED IN PART and DENIED IN PART.[1]

## Background

On June 12, 2015, Yolanda Dennis filed the instant suit against Ernest Collins, II; Greyhound Lines, Inc. ("Greyhound"); and National Union Fire Insurance Company of Pittsburgh, PA in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana. Defendants subsequently removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Compl. for Removal).  Dennis alleges that on June 15, 2014, she was a passenger in a vehicle that was struck by a "1999 MCJ or MCI vehicle" driven by Collins, owned by Greyhound, and insured by National Union.  (Petition, ¶¶ 3-5).  Plaintiff attributes fault for the accident to defendants, and seeks to recover her resulting damages.  *Id*., ¶¶ 6-14.

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

Plaintiff filed the instant motion on June 24, 2016.  She alleges that defendants failed to supplement their responses to her written discovery initially propounded on June 12, 2015, despite their agreement to do so.  Plaintiff further alleges that defendants did not respond to her second set of written discovery that she propounded on May 27, 2016.  Finally, plaintiff contends that defendants ignored her request to designate a 30(b)(6) representative for defendant, Greyhound.

On July 13, 2016, defendants filed their opposition to the motion to compel in which they represented that, just one day earlier, they responded to all of plaintiff's written discovery requests with all responsive information in their possession.  (Defs. Opp. Memo., Exh. B). Defendants, however, objected to plaintiff's motion to designate a 30(b)(6) representative, because, according to defendants, the stated discovery topics are irrelevant, and/or subject to Greyhound's "self-critical analysis" privilege

Plaintiff did not file a reply brief, and the time to do so has lapsed.  (Notice of Motion Setting [doc. # 36]).  Accordingly, the matter is ripe.

## Analysis

### I.    Written Discovery

In light of defendants' representation that they now have responded in full to plaintiff's written discovery requests that formed the basis for the motion, combined with the lack of a reply brief by movant contesting same, the court necessarily finds that the written discovery component of the motion to compel is moot.

### II.    Rule 30(b)(6) Deposition

a)    Law

A party may, by oral questions, depose any person, including another party, but must

provide reasonable written notice to every other party.  Fed.R.Civ.P. 30(a) &(b)(1).  In addition, a party may name an entity as a deponent so long as the party also describes with reasonable particularity the matters for examination.  Fed.R.Civ.P. 30(b)(6).  The named entity/deponent then must designate one or more persons or officials and the matters upon which each will testify.  *Id*.  A party seeking discovery may move for an order compelling a Rule 30(b)(6) designation if a corporation or other entity fails to do so.  Fed.R.Civ.P. 37(a)(3)(B)(ii).

> Under Rule 26(b),
>
> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The courts understand the rule to provide for broad and liberal discovery.  *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947).  Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed.  *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters  . . . "  Fed.R.Civ.P. 26(c)(1)(D).  The party seeking the protective order must establish good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981); *see also*, *In re Terra Int'l, Inc.*, 134 F.3d 302, 306

(5th Cir. 1998).  Furthermore, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984).

b)    Discussion

Plaintiff seeks to depose Greyhound on the following topics:

1)    The collision of June 15, 2014, involving the vehicles occupied by Plaintiff and operated by Defendant Driver, including the reason for Defendant Driver's use of a commercial vehicle on the day of the of collision, observations at the scene, statements made by any party or witness, the identify [sic] of any witnesses and any photographs of any person or thing involved in the collision;

2)    Defendant's policy, practice, and procedure, and procedure of training commercial drivers, and all other personnel involved in the accident processing and/or investigation;

3)    The extent of Defendant Driver's prior driving experience and any investigation into his competence to operate a commercial vehicle.

4)    The extent of any company and procedure into the handling of a commercial vehicle accident.

5)    Defendant driver's past driving history and work performance for Greyhound;

6)    Greyhound's investigation of the collision that is [the] subject of this litigation.

(Schedule A; M/Compel, Exh. 1).

Defendants contend that issues regarding Greyhound's training and supervision of Collins, its employee, (i.e., deposition topics 3 and 5), are not relevant to this litigation because plaintiff's independent claim against Greyhound for negligent training and supervision is redundant and subject to dismissal, when, as here, Greyhound has more or less stipulated that it is vicariously liable for any negligence attributable to Collins.  In fact, this very issue forms the

basis for a pending motion for partial summary judgment filed by defendants.  [doc. # 37].

Be that as it may, at this juncture, plaintiff's claim against Greyhound for negligent training and supervision remain pending and viable.  Until such time as those claims are dismissed, plaintiff is entitled to conduct discovery regarding them.  *See Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 179 n3 (5th Cir.2015) (intimating that the viability of a party's claim for damages should not be resolved in the context of a motion to compel when the same issue is before the district court in a motion for partial summary judgment).  In any event, evidence regarding Collins' experience and driving history are potentially relevant to plaintiff's claim against Collins.

Defendants further argue that discovery regarding Greyhound's post-accident internal investigation, findings and disciplinary action (i.e., deposition topics 1, 4, and 6) are not discoverable pursuant to Louisiana and federal law, which purportedly provides a privilege for a company's self-critical analysis.

The court observes, in this regard, that parties are permitted to obtain relevant, nonprivileged discovery.  Fed.R.Civ.P. 26(b)(1).  In this diversity case, Louisiana provides the applicable law of privilege.  *Exxon Mobil Corp. v. Hill*, 751 F.3d 379, 381 (5th Cir.2014) (citing Fed.R.Evid. 501).  Greyhound cite two Louisiana Supreme Court decisions to support its theory that the requested discovery is subject to the self-critical analysis privilege.  The first case, *Rader v. Regional Transit Authority*, reads, in its entirety:

> Granted. Trial judge correctly denied discovery of RTA's internal evaluation as to whether the accident was "preventable" and any post-accident disciplinary action taken against the driver. However, the case is remanded to the district court with instructions to the trial judge to conduct an in-camera inspection of the subject documents and to order disclosure of any containing relevant evidence or likely to lead to the discovery of relevant evidence. *See Ogea v. Jacobs,* 344 So.2d 953 (La.1977).

5

*Rader v. Reg'l Transit Auth.*, 595 So.2d 644 (La.1992)

However, the decision does not explain the basis for the trial court's denial of discovery.

Moreover, in *Ogea v. Jacobs* – the case cited by *Rader* – the Louisiana Supreme Court permitted

a party to discover an accident report prepared by defendant, which included defendant's opinion

as to the cause of the accident and the data he collected from witnesses.  *Ogea v. Jacobs*, 344

So.2d 953, 960 (La.1977).

The second Louisiana case cited by defendants, *Smith v. Lincoln General Hosp.*, is

premised on Louisiana statutes that confer confidentiality on certain hospital committee meetings

and records.  *Smith v. Lincoln Gen. Hosp.*, 605 So.2d 1347, 1348 (La.1992).  There is no

indication that the deposition topics identified by plaintiffs are likely to implicate the statutory

protections at issue in *Smith*.

In fact, as it turns out, "[n]either Louisiana courts nor the Fifth Circuit has embraced a

self-critical analysis privilege . . ."  *Hawthorne Land Co. v. Occidental Chem. Corp.*, Civ Action

No. 01-0881, 2003 WL 21510426, at *1 (E.D. La. June 24, 2003).  Further, "[a]ll of the courts in

this Circuit confronting the issue have declined to find that the self critical analysis privilege

exists, *even in the instance of a post-accident investigation*."  *Ganious v. Apache Clearwater

Operations, Inc.*, No. 98-207, 2004 WL 287366, at *2 (E.D. La. Feb. 11, 2004).  Moreover,

subsequent remedial measures are discoverable.  *Breaux v. Haliburton Energy Servs.*, Civ.

Action No. 04-1636, 2006 WL 2700057, at *2 (E.D. La. Sept. 18, 2006).  Certainly, while some

of the evidence sought by plaintiff may not be admissible at trial, *see* Fed.R.Civ.P. 407, that does

not undermine its discoverability.  *See* Fed.R.Civ.P. 26(b)(1); *Broussard v. Tetra Applied Techs.,

L.P.*, Civ. Action 09-1422, 2010 WL 3463084, at *2 (W.D. La. Aug. 25, 2010) ("self-critical

analysis" privilege does not provide a valid reason for withholding production of documents).

6

Defendants' objections are overruled.

### III.    Fees

Rule 37 provides that if a motion to compel is granted –

*or if the disclosure or requested discovery is provided after the motion was filed--*
the court must, after giving an opportunity to be heard, require the party or
deponent whose conduct necessitated the motion, the party or attorney advising
that conduct, or both to pay the movant's reasonable expenses incurred in making
the motion, including attorney's fees. But the court must not order this payment if:

> **(i)** the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially
> justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Here, defendants did not respond fully to plaintiff's written discovery until after the
instant motion was filed.  In addition, defendants' objections to designating a Rule 30(b)(6)
representative were not well taken.  Moreover, defendants have not established any other
circumstances that would make an award of expenses unjust.  Accordingly, the court finds that an
award of $300 is warranted and appropriate to ameliorate the reasonable expenses and fees
incurred by plaintiff in prosecuting the instant motion.

### <u>Conclusion</u>

For the foregoing reasons,

Plaintiff's motion to compel discovery responses and the Rule 30(b)(6) deposition of
defendant, Greyhound, [doc. # 35], and associated request for fees, is hereby GRANTED IN
PART and DENIED IN PART, as follows,

IT IS ORDERED that within the next seven (7) days from the date of this order,

defendant, Greyhound Lines, Inc., shall designate a Rule 30(b)(6) representative(s) on the topics noticed by plaintiff, and the deposition taken within 21 days from the date of this order, unless the parties mutually agree to take the deposition beyond the deadline.

IT IS FURTHER ORDERED that the written discovery component of the motion to compel is DENIED, as moot.

IT IS FURTHER ORDERED that within seven (7) days from the date of this order, defendants Ernest Collins, II, Greyhound Lines, Inc., and National Union Fire Insurance Company of Pittsburgh, PA and/or their counsel shall remit the single sum of $300 to plaintiff Yolanda Dennis, via her counsel, and file proof of payment in the record of these proceedings within seven (7) days thereafter.

In Chambers, at Monroe, Louisiana, this 19th day of September 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE